IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN CHARLES HUNTER (Dallas Cty. Jail Bookin No. 17038670), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-3053-M-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

The Court opened this *pro se* habeas action based on a letter from Petitioner Melvin Charles Hunter (at least then a Dallas County jail detainee) that the Court received on November 2, 2017. *See* Dkt. No. 3. Hunter explained, through that letter/petition, that he believes that he is being unlawfully detained based on a Louisiana parole-violation warrant. *See id.* His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

After this action was opened, the Court entered a notice of deficiency and order requiring that Hunter, by no later than December 7, 2017, (1) present his claims on a

-1-

form petition for habeas corpus relief and (2) either pay the $5.00 filing fee or, if he qualifies, move for leave to proceed *in forma pauperis. See* Dkt. No. 4 (warning Hunter that his failure to take these actions by the Court's deadline "will result in a recommendation that the petition be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)"). Prior to the deadline to comply, the notice of deficiency and order – sent to Hunter at the Dallas County jail, the only address that he has provided the Court – was returned as undeliverable because Hunter is no longer incarcerated there. *See* Dkt. No. 5.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

Although "[l]esser sanctions such as fines or dismissal without prejudice

> are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not updating his mailing address, Hunter has prevented this action from proceeding, leaving the impression that he no longer wishes to pursue the relief sought in his petition. He therefore has failed to prosecute his lawsuit. And, as this Court has observed in a similar context, "'[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D. Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)), *rec. adopted*,

2016 WL 320644 (N.D. Tex. Jan. 27, 2016).

Similarly, the Court should not let this action languish on its docket because there is no way to contact Hunter. And he will not be prejudiced by a dismissal of this action at this time – no filing fee has been assessed and no limitations issues are apparent based on the allegations he has made.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile; the Court is not required to delay the disposition of this case until such time as Hunter decides to update his contact information or contact the Court. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE